Marvin Manuel MAZARIEGOS–
VELASQUEZ; et al.,
Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70955.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

Daniel J. Roemer, Esq., Law Offices of Daniel Roemer, P.C., Walnut Creek, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Mark C. Walters, Esq., Anh–Thu P. Mai, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Marvin Manuel Mazariegos–Velasquez and his wife, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") denial of their applications for asylum and withholding of deportation. Because transitional rules apply, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence the BIA's denial of an application for asylum on the ground that the alien has not established eligibility, *see Meza–Manay v. INS,* 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

Even assuming Mazariegos–Velasquez was credible, substantial evidence supports the BIA's conclusion that he failed to present sufficient evidence to establish past persecution or a well-founded fear of future persecution on account of any of the five protected grounds. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Mazariegos–Velasquez testified that on one occasion, he was kidnapped and beaten by four unknown men. Additionally, he testified that his uncle was murdered due to a personal dispute. This testimony does not establish that Mazariegos–Velasquez was persecuted "on account of" his political opinion. *See Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001).

Further, a government official's threat of arrest stemming from a letter writing campaign does not qualify Mazariegos–Velasquez for asylum. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution).

Because Mazariegos–Velasquez and his wife failed to establish eligibility for asylum, it follows that they failed to satisfy the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 900 (9th Cir.2004) (order), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.